UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GERSHON ALEXANDER,

                        Plaintiff,

-against-

JOHN PORTER,

                        Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

13-CV-6834 (SLT)(JO)

**TOWNES, United States District Judge:**

Plaintiff Gershon Alexander ("Alexander") filed this diversity action against John Porter ("Porter") on December 5, 2013, alleging unjust enrichment and fraud. (ECF No. 1.) On April 11, 2014, Porter filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and alternatively for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). (ECF No. 15.) Because this Court finds that it lacks personal jurisdiction over Porter, Porter's motion is granted.

## LEGAL STANDARD

On a motion to dismiss for lack of personal jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (citation omitted). Because Porter brings this motion prior to discovery, Alexander may defeat this motion "by making a prima facie showing of jurisdiction by way of the complaint's allegations, affidavits, and other supporting evidence." *Mortg. Funding Corp. v. Boyer Lake Pointe, LC*, 379 F. Supp. 2d 282, 285 (E.D.N.Y. 2005) (citations omitted). "Furthermore, in considering a Rule 12(b)(2) motion, the pleadings and affidavits are to be construed in the light most favorable to plaintiff, the non-moving party, and all doubts are to be

resolved in plaintiff's favor." *Allied Dynamics Corp. v. Kennametal, Inc.*, 965 F. Supp. 2d 276, 287 (E.D.N.Y. 2013) (citation omitted). However, "conclusory statements, without supporting facts," will not suffice. *Mirman v. Feiner*, 900 F. Supp. 2d 305, 309 (E.D.N.Y. 2012) (citation omitted).

## BACKGROUND

### A. Factual Background

The complaint and affidavits submitted by the parties present very limited facts, which the Court repeats here. The Court assumes these facts to be true only for the purpose of deciding this motion and construes them in the light most favorable to Alexander, the non-moving party.

This case arises from a loan between Alexander, a New York resident, and Porter, a Georgia resident. (Compl. ¶¶ 1, 3–5, ECF No. 1.) Porter works for CBRE, a global real estate services company, at its Atlanta, Georgia offices. (Porter Aff. ¶ 7, ECF No. 15-2.) CBRE also maintains offices in New York, (*id.* at ¶ 8), and Alexander alleges that Porter "frequently conducts business in New York and New Jersey," (Rebhun Aff. ¶ 9, ECF No. 16).

On or about March 12, 2009, Alexander and one of his associates loaned Porter $625,000. (Compl. ¶ 4, ECF No. 1.) Alexander personally loaned Porter $375,000 of that amount. (*Id.* at ¶ 5.) To complete this loan, Alexander followed Porter's directions and wired the money from his New York bank accounts into accounts in The Buckhead Community Bank and Silverton Bank, both in Atlanta, Georgia. (Rebhun Aff. ¶¶ 5, 10–11, 13–14, ECF No. 16.) The parties' agreement required the loan to be repaid on or before July 12, 2009. (Compl. ¶ 10, ECF No. 1.) As of December 2013 Porter had not repaid the loan. (*Id.* at ¶ 11.)

## B. Procedural History

Alexander filed this diversity action against Porter on December 5, 2013, alleging unjust enrichment and fraud. (ECF No. 1.) On April 11, 2014, Porter filed the instant motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and alternatively for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). (ECF No. 15.) In his reply, Porter argues for the first time that he is not the proper party to this case. (*See* ECF No. 17.)

Alexander contends that New York's long-arm statute provides a basis for personal jurisdiction over Porter and asks the Court to convert this motion to one for summary judgment. (*See* ECF No. 16.) Alexander seeks leave to conduct jurisdictional discovery in the event the Court finds it lacks personal jurisdiction over Porter. (*See id.*) Alexander likewise seeks leave to amend should this Court find that Alexander's complaint fails to state a claim upon which relief may be granted. (*See id.*)

## DISCUSSION

In a diversity case such as this, personal jurisdiction is determined by the law of the state in which the district court sits. *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 223 (2d Cir. 1963) (en banc)). Alexander argues that New York's long-arm statute permits this Court to exercise personal jurisdiction over Porter. Porter argues that New York's long-arm statute does not provide jurisdiction because, among other things, Porter has not transacted business in New York, did not commit a tort while physically present in New York, and lacks sufficient contacts with New York.

## A. New York's long-arm statute

### 1. C.P.L.R. § 302(a)(1)

New York's long-arm statute provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within the state." C.P.L.R. § 302(a)(1). "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citation omitted).

The New York Court of Appeals has explained that "[t]he overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within [New York]." *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508, 881 N.E.2d 830 (2007) (internal citation and quotation marks omitted). Courts look at the totality of the circumstances in making this determination. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 787 (2d Cir. 1999) (citations omitted).

Alexander offers two arguments to show Porter transacted business in New York. First, Alexander simply asserts that "the transaction took place in New York" and that "Porter admits that [the] transaction [at issue] took place in New York." (Rebhun Aff. ¶¶ 5, 27, ECF No. 16.) Porter denies this. (Porter Aff. ¶ 6, ECF No. 15-2.) Although this Court must construe the facts in the light most favorable to Alexander, this type of unsupported conclusory statement does not suffice to show Porter transacted business in New York. *See Mirman*, 900 F. Supp. 2d at 309 (noting that "the Court is not bound by conclusory statements, without supporting facts")

Alexander's second argument that he satisfies prong one is that Alexander is a New York resident and wired Porter the money from two different New York bank accounts. Alexander

cites no case law or additional allegations in support of this argument. That one party to an agreement is a New York resident does not, without more, suffice to show a transaction of business in New York. *See Seldon v. Magedson*, No. 11 Civ. 6218(PAC)(MHD), 2012 WL 4475274, at *13 (S.D.N.Y. July 10, 2012) (noting that under C.P.L.R. § 302(a)(1) "a single agreement (or a single set of agreements) between a New York resident and someone outside of the state is, without more, insufficient to confer jurisdiction if the contract's 'center of gravity' is not in New York"). Nor does the fact that Alexander wired Porter money from Alexander's New York bank accounts to Georgia bank accounts allegedly owned or controlled by Porter show Porter invoked the privileges or protections of New York law. *See Ehrenfeld*, 9 N.Y.3d at 508; *Optimum Worldwide Ltd. v. Klebener*, No. 95 Civ. 1359(HB)(HBP), 1997 WL 433470, at *6 (S.D.N.Y. Aug. 1, 1997) ("Although [defendant] telephoned [plaintiff] and had him wire funds for the sweater transaction from New York to Moscow, wire communications alone are insufficient for *in personam* jurisdiction under CPLR § 302(a)(1).").

Under the totality of the circumstances, none of Alexander's causes of action appear to have arisen from a transaction of business in New York. Section 302(a)(1) therefore does not provide a basis for personal jurisdiction.

**2. C.P.L.R. § 302(a)(2)**

Alexander next argues that this Court has personal jurisdiction over Porter pursuant to C.P.L.R. § 302(a)(2), which provides that a court may exercise personal jurisdiction over any non-domiciliary who "commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act." Section 302(a)(2) provides for jurisdiction where the defendant committed a tortious act in New York and the cause of action arises from that tortious act. *Telebyte, Inc. v. Kendaco, Inc.*, 105 F. Supp. 2d 131, 134 (E.D.N.Y. 2000).

However, this provision "reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997) (citing *Feathers v. McLucas*, 15 N.Y.2d 443, 458, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965)).

Alexander does not allege that Porter was physically present in New York when Porter committed the alleged wrongful acts. Thus, C.P.L.R. § 302(a)(2) does not provide a basis for jurisdiction. *See Bensusan*, 126 F.3d at 27–29.

### 3. C.P.L.R. § 302(a)(3)

Alexander next argues that this court has personal jurisdiction over Porter pursuant to C.P.L.R. § 302(a)(3), which provides for jurisdiction over any non-domiciliary who in person or through an agent:

> commits a tortious act without the state causing injury to person or property within the state . . . if he
>
> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

For C.P.L.R. § 302(a)(3) to apply, "(1) a defendant must have committed a tortious act outside New York, (2) the cause of action must arise from that tortious act, and (3) the act must have caused injury to a person or property within New York." *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 325–26 (S.D.N.Y. 2013) (citing *LaMarca v. Pak–Mor Mfg. Co.*, 95 N.Y.2d 210, 713 N.Y.S.2d 304, 735 N.E.2d 883, 886 (2000)).

Clause (i) additionally requires the plaintiff to demonstrate one of four alternative forms of ongoing New York activity by the defendant: regularly doing business in New York, regularly soliciting business in New York, engaging in a "persistent course of conduct," or

deriving "substantial revenue from goods used or consumed or services rendered" in New York. *See* C.P.L.R. § 302(a)(3)(i). A plaintiff asserting jurisdiction under clause (ii) must demonstrate that the defendant "expected or should reasonably have expected the [tortious] act to have consequences in [New York], and that defendant derived substantial revenue from interstate or international commerce." *Doe*, 939 F. Supp. 2d at 326 (citations and internal quotation marks omitted). Porter contends that Alexander cannot show Porter satisfies the additional contacts requirement of clause (i) or the commerce requirement of clause (ii).

Alexander argues that Porter satisfies the additional contacts requirement of clause (i) because Porter "does business in New York" and "derives revenue in New York." (Rebhun Aff. ¶ 32, ECF No. 16.) To support this statement, Alexander attaches a copy of Porter's informational page on his employer's website. (*See* ECF No. 16-3.) Alexander specifically directs the Court to an entry under the heading "corporate real estate," which states "BMW, Retail Lease | 227,782 SF | New York City, NY." (*Id.*) Alexander also relies on this entry for his argument that Porter meets the commerce requirement of clause (ii).

The New York Court of Appeals has stated that while "clause (i) does not require the quantity of New York contacts that is necessary to obtain general jurisdiction under the 'doing business' test of CPLR 301 . . . it does require something more than the 'one shot' single business transaction described in CPLR 302(a)(1)." *Ingraham v. Carroll*, 90 N.Y.2d 592, 597, 687 N.E.2d 1293 (1997). Alexander's conclusory statement that Porter "does business in New York" and "derives revenue in New York," supported by the "one shot" example of an apparent retail lease in New York—which Alexander does not argue is attributable to Porter individually—does not satisfy Alexander's initial burden to show that jurisdiction exists. *See Mirman*, 900 F. Supp. 2d at 309 (noting that "the Court is not bound by conclusory statements,

without supporting facts"); *Maggi v. Women's Coll. Hosp.*, No. 03-0768, 2007 WL 841765, at *2–3 (N.D.N.Y. Mar. 19, 2007) (finding conclusory statement that defendant hospital "contracts business within the state of New York" insufficient basis for jurisdiction).

Moreover, "[w]here the defendant's asserted contacts with the state are based on sales resulting in substantial revenue, 'hard evidence' of that revenue is required." *Roberts-Gordon, LLC v. Superior Radiant Prods., Ltd.*, 85 F. Supp. 2d 202, 215 (W.D.N.Y. 2000) (citation omitted); *see also Plastwood Corp. v. Robinson*, No. 04 CV. 3214(BSJ), 2004 WL 1933625, at *5 (S.D.N.Y. Aug. 30, 2004) (noting plaintiff "must produce 'hard evidence' of substantial revenue derived from New York customers"). Thus, Alexander's identification of a "one shot" New York business transaction, with no evidence of the revenue derived therefrom, does not suffice to show jurisdiction exists under C.P.L.R. § 302(a)(3)(i).

Neither does this entry on Porter's employer's website satisfy the requirement in clause (ii) that Porter "derives substantial revenue from interstate or international commerce." *See* C.P.L.R. § 302(a)(3)(ii). Alexander incorrectly assumes that income derived from an employer's interstate revenue satisfies this requirement. *See Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 360 (S.D.N.Y. 2007) ("The revenue of a corporation is imputed to individuals for jurisdictional purposes only if they are major shareholders."); *Beeney v. InSightec, Inc.*, No. 13 Civ. 8022(GBD), 2014 WL 3610941, at *4 (S.D.N.Y. July 7, 2014) ("Plaintiff's alternative basis for jurisdiction, under § 302(a)(3)(ii), is also unavailing because he has not alleged that the Individual Defendants derived substantial revenue from interstate or international commerce. . . . Plaintiff's assumption that income derived from an employer's interstate revenue satisfies this requirement is erroneous."); *Family Internet, Inc. v. Cybernex, Inc.*, No. 98 Civ. 0637(RWS), 1999 WL 796177, at *7 (S.D.N.Y. Oct.

6, 1999) (noting that C.P.L.R. § 302(a)(ii) requires defendant to derive substantial revenue from interstate or international commerce and that allegations regarding employer's revenue would not suffice). Because Alexander nowhere suggests Porter individually satisfies clause (ii)'s commerce requirement or that CBRE's revenue can be imputed to Porter, Alexander has failed to meet his burden to show jurisdiction exists.

Because no basis for jurisdiction exists under New York law, the Court need not consider whether the exercise of jurisdiction would comport with due process. *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 198 (2d Cir. 1990). Neither does the Court reach Porter's arguments that Alexander has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or that Porter is not the proper party to this lawsuit,[1] or Alexander's requests to convert this motion to one for summary judgment or to amend his complaint to clarify his claims. *See Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 224 (S.D.N.Y. 2013) ("Where the grounds for a motion to dismiss include lack of personal jurisdiction . . . and failure to state a claim upon which relief can be granted, the Court must first consider the jurisdictional claims before considering the merits of the case."); *Arrowsmith*, 320 F.2d at 221 (noting that "logic compel[s] initial consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim").

### B. Jurisdictional Discovery

Alexander requests permission to conduct jurisdictional discovery. (Rebhun Aff. ¶ 9, ECF No. 16.) Where, as here, a plaintiff has failed to make a prima facie showing of personal jurisdiction, "it is 'well within' a court's discretion to deny jurisdictional discovery." *Wego*

---

[1] This Court would in any case decline to consider this argument because Porter raises it for the first time in his reply. *See Klosin v. Conway*, 501 F. Supp. 2d 429, 435–36 (W.D.N.Y. 2007) (noting that the court need not reach an argument raised for the first time in a reply brief and citing cases).

*Chem. & Mineral Corp. v. Magnablend Inc.*, 945 F. Supp. 2d 377, 386 (E.D.N.Y. 2013) (citations omitted). Courts frequently permit jurisdictional discovery where the plaintiff has made a "sufficient start" toward establishing jurisdiction, *see, e.g.*, *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 70–71 (E.D.N.Y. 2006), but will not permit jurisdictional discovery on the basis of a generalized request more akin to a "fishing expedition," *see Wego Chem.*, 945 F. Supp. 2d at 386 (citations omitted).

The Second Circuit's decisions in *Jazini v. Nissan Motor Co.*, 148 F.3d 181 (2d Cir. 1998), and *Texas Int'l Magnetics, Inc. v. BASF Aktiengesellschaft*, 31 F. App'x 738 (2d Cir. 2002), provide useful guidance. In *Jazini*, the Second Circuit found that the district court acted within its discretion in denying jurisdictional discovery where the plaintiff relied on "conclusory non-fact-specific jurisdictional allegations" the district court's opinion described as "sparse." *Jazini*, 148 F.3d at 183, 185–86. The Second Circuit distinguished *Jazini* in *Texas Int'l*, finding that the plaintiffs were entitled to jurisdictional discovery where the plaintiffs' jurisdictional allegations were "neither sparse nor insufficiently specific" but "simply insufficiently developed." *Texas Int'l*, 31 F. App'x at 739. Similarly, in *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d at 208, the companion case to *Texas Int'l*, the Second Circuit "reasoned that since the analysis involved a 'multi-factor test that is very fact-specific,' discovery was necessary to develop plaintiffs' allegations of jurisdiction prior to a finding that plaintiffs failed to make a prima facie showing." *Hollins*, 469 F. Supp. 2d at 71 (discussing *Texas Int'l* and *In re Magnetic Audiotape Antitrust Litig.*).

Here, Alexander has not made a "sufficient start" toward establishing jurisdiction over Porter. Rather, his complaint and affidavit in support of jurisdiction contain the kind of "conclusory non-fact-specific jurisdictional allegations" the Second Circuit found did not require

jurisdictional discovery in *Jazini*. For example, Alexander asserts that "[Porter] does business in New York and . . . derives revenue in New York." (Rebhun Aff. ¶ 32.) The chief fact Alexander alleges in support of these statements—the reference to a single entry on Porter's page on his employer's website—provides no support because, as discussed above, the single-shot transaction does not suffice to show Porter regularly does business in New York and is not accompanied by "hard evidence" of revenue, which Alexander does not even argue is attributable to Porter. Nor does this case involve the type of complex, fact-specific analysis at issue in *In re Magnetic Audiotape Antitrust Litigation*. Instead, Alexander's conclusory non-fact-specific jurisdictional allegations make his request for jurisdictional discovery more akin to a fishing expedition. The Court therefore declines to exercise its discretion to permit jurisdictional discovery.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 15) is granted. The Clerk of Court is respectfully requested to close the case.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: December 23, 2014
Brooklyn, New York